Strafford,
No. 4882.

GERARD COTE, *Adm'r v.* AUDREY MARTEL, *Adm'x.*

Argued November 2, 1960.

Decided November 30, 1960.

*Beamis & Davis* and *Fisher, Parsons & Moran* (*Mr. Moran* orally), for the plaintiff.

*Burns, Bryant & Hinchey* and *Lawrence E. Spellman* (*Mr. Spellman* orally), for the defendant.

KENISON, C. J. The pertinent statute governing the distribution of damages in a wrongful death action is RSA 556:14 which was in effect at the time of the accident as R. L., c. 355, s. 14, and reads as follows: "DISTRIBUTION OF DAMAGES. In such case, the damages recovered, less the expenses of recovery, the expenses of administration, the necessary charges for the burial of the deceased, and the reasonable charges for the last sickness of the deceased, all of which shall be approved by the probate court, shall belong and be distributed as follows:

"I. To the widow or widower of the deceased, one half thereof; and to the minor and dependent children, if any, the other half in equal shares.

"II. If there be no minor or dependent child, to the widow or widower the whole thereof.

"III. If there be no widow or widower, to the minor and dependent children, if any there be, in equal shares; otherwise to the children in equal shares.

"IV. If there be no child and no widow or widower, to the heirs-at-law of the deceased according to the laws of distribution."

The plaintiff contends that the beneficiaries entitled to recover in a wrongful death action under RSA 556:14 should be determined on the date when judgment is entered. *Walsh* v. *Bressette*, 51 R. I. 354. See anno. 43 A. L. R. 2d 1291. While some death statutes are construed to permit this result this has not been the construction placed on our death statute in its actual administration. In *Niemi* v. *Railroad*, 87 N. H. 1, 6, it was stated that the "beneficial interest in the cause is vested upon the decedent's death in the distributees the statute designates." This construction has been followed in subsequent cases. *Burke* v. *Burnham*, 97 N. H. 203, 208. Accordingly it is held that the Trial Court was correct in ruling that the statutory beneficiaries under the wrongful death statute are to be determined as of the date of death.

RSA 556:14 which provides for the distribution of damages to statutory beneficiaries presents a difficult problem of logistics in order to make the subdivisions of the statute consistent as a whole. Subdivisions I and III use the phrase "minor and dependent children" which indicates quite clearly that the beneficiaries must satisfy both requirements. Subdivision II reads as follows: "If there be no minor or dependent child, to the widow or widower the whole thereof." Because of this alternative language the plaintiff argues that an adult dependent is therefore in a preferred category in the distribution of damages. In the present case there was evidence that one of the adult daughters was partially dependent, although she was supported by her husband and worked part time. The Trial Court ruled that the widower was the sole statutory beneficiary and that since his own negligence precluded any recovery (*Pike* v. *Adams*, 99 N. H. 221, 224) "no necessity appears for assessments of those elements of damage which would be distributable to the statutory beneficiaries but for his causal negligence." The Trial Court's ruling was proper.

A consistent construction of RSA 556:14 indicates that "minor and dependent children" receive preferred treatment over children whether dependent or not. This is indicated by RSA 556:13 which provides a larger amount of recovery where the decedent is survived by minor children. Furthermore, it is significant that nowhere in RSA 556:14 is there any affirmative provision allowing damages to a dependent adult child. Under RSA 556:14, subdivision III children take without regard to minority or dependency where there

is no widow or widower and no "minor and dependent children." If subdivision II was to be construed as giving an adult dependent child preferred treatment this would result in a construction that would allow such an adult child, who was partially dependent, to take the whole of the statutory damages to the exclusion of other children where there was no widow or widower. The history of this statute precludes any such disproportionate result.

Pursuant to the provisions of RSA 556:14, the Court properly ruled that the probate court should approve the following four items which would be the damages to be recovered by the plaintiff: (1) "Expenses of recovery" which includes attorneys' fees and expenses (*Martineau* v. *Waldman*, 93 N. H. 386) ; (2) "Expenses of administration" which includes probate expenses; (3) "The necessary charges for the burial of the deceased" which includes funeral expenses generally (*Manor* v. *Gagnon*, 92 N. H. 435, 439) ; (4) "Reasonable charges for the last sickness of the deceased."

*Exceptions overruled.*

All concurred.